**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 11-20596-CIV-HUCK/O'SULLIVAN**

ISABEL OSORIO,

   Plaintiff,

v.

MEDTRONIC, INC.,

   Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

  Plaintiff Isabel Osorio filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on February 1, 2011.  On February 22, 2011, Defendant Medtronic, Inc. timely removed the case to this Court, pursuant to the first paragraph of 28 U.S.C. § 1446, citing diversity jurisdiction.  Plaintiff Osorio now asks the Court to remand the case to the Circuit Court for the Eleventh Judicial Circuit, arguing that Defendant has not proven by a preponderance of the evidence that the amount in controversy exceeds the sum of $75,000, as required by § 28 U.S.C. 1332.  For the reasons discussed below, the Court finds that the preponderance of the evidence establishes that the amount in controversy in this case exceeds $75,000.  Thus, Plaintiff's Motion is denied.

## I. PROCEDURAL AND FACTUAL BACKGROUND

  In her Complaint, Plaintiff states causes of action for violations of the Florida Civil Rights Act ("FCRA") and the Florida Whistleblower Act.  With regard to an amount in controversy, Plaintiff's Complaint reveals only that this action is for damages that exceed $15,000.  The Complaint includes a prayer for damages including back pay, lost benefits, prejudgment interest, front pay, compensatory damages for emotional distress, and punitive damages.  Plaintiff also requests attorneys' fees and costs.

  Defendant, attached to its Notice of Removal [D.E. #1], submits evidence relevant to the amount in controversy inquiry—the Declaration of Stephen Ruffing (Medtronic's Senior Human

1

Resources Director), Plaintiff's offer letter for employment at Medtronic, and Plaintiff's W-2 tax form from 2009. Ruffing's declaration states that Plaintiff had an annual salary of $65,000.00 when she was hired on January 21, 2008. When her employment was terminated on June 9, 2009, Plaintiff's salary was $68,256.00. Ruffing's declaration refers to Plaintiff's offer letter to corroborate her starting salary, and attaches her 2009 W-2 tax form to verify her salary at the time she was terminated.

Based on Plaintiff's salary at the time that she was terminated, Defendant, in its Notice of Removal, asserts that her claim for back wages is for approximately $113,760.00 through the date of removal.[1] Neither party provides evidence indicating whether Plaintiff has mitigated the back pay damages through other employment.

## II.   BURDEN OF PROOF

The party seeking removal bears the burden of proving the existence of federal jurisdiction, including demonstrating "by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 752 (11th Cir. 2010) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The Eleventh Circuit has stated that "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.* at 754. Thus, a defendant seeking removal of a case on diversity grounds must prove that it is more likely than not that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

In order to satisfy its burden, a defendant seeking removal pursuant to the first paragraph of 28 U.S.C. § 1446 may point to allegations in the plaintiff's complaint and associated exhibits, the defendant's notice of removal and exhibits, or affidavits and other evidence attached to the response

---

[1]      Defendant also notes that, in the context of an FCRA case, Florida federal courts have considered potential back pay from the date of the adverse employment to the scheduled trial date, citing *Destel v. McRoberts Protective Agency, Inc.*, No. 03-62067-Civ., 2004 WL 746293, at *4 n.3 (S.D. Fla. Feb. 17, 2004). Trial is scheduled for the two-week period beginning October 24, 2011. By that time, Plaintiff's total claim for back wages would be more than $162,000.00. However, because the Court finds that Defendant proves by a preponderance of the evidence that Plaintiff's potential back pay from the date of removal satisfies the amount in controversy requirement, the Court finds it unnecessary to determine whether it should consider the amount of back pay that will have accrued by the scheduled trial date.

to a motion to remand. *See Pretka*, 608 F.3d at 754–55 ("If the jurisdictional amount is not facially apparent, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. . . . Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper.") (internal quotations and citations omitted).   In this case, Defendant relies on the Declaration of Stephen Ruffing, Plaintiff's offer letter, and Plaintiff's W-2 tax form from 2009, all of which were attached to Defendant's Notice of Removal.   This is evidence that the Court may properly consider. *See Pretka*, 608 F.3d 744 at 771 ("Sometimes the defendant will possess evidence that was not received from the plaintiff but which nonetheless sheds light on the value of plaintiff's claims.").

## III.    ANALYSIS

Plaintiff asserts that the Court must remand this case because the amount in controversy is speculative.  Plaintiff does not question Defendant's calculation that her claim for back wages would be approximately $113,760.00 through the date of removal.  Instead, Plaintiff argues that damages are speculative because the amount in controversy must include any mitigation due to Plaintiff's potential employment since termination.  Plaintiff contends that Defendant bears the burden of establishing mitigation.  For the reasons discussed below, the Court finds that it is more likely than not that the amount in controversy exceeds $75,000.

The Court's analysis of the amount in controversy requirement "focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751.  Thus, "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Id*. (quoting *Amoche v. Guarantee Trust Life Insurance Co.*, 556 F.3d 41, 51 (1st Cir. 2009)).  The Court may consider the factual allegations and evidence submitted by the parties, "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id*. at 754.  In short, the Court may view the facts and evidence "through the lens of common sense . . . ." *Id*. at 770.  It bears repeating, however, that the Court must base its deductions, inferences, and extrapolations only on the evidence presented by the parties.

Here, the evidence presented indicates that the minimum amount in controversy is $113,760.00—the amount of back wages that Plaintiff could claim at the time of removal.  Neither

party, particularly Plaintiff who is best positioned to do so, has presented any evidence indicating that Plaintiff has mitigated her losses through employment since being terminated by Defendant in June 2009.  The Court is under a continuing statutory obligation to *sua sponte* address any lack of subject matter jurisdiction in a case removed from state court.  *See* 28 U.S.C. § 1447 (2006) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also* Fed. R. Civ. P. 12(h)(c) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  However, the decision to remand must be based on the evidence before the Court.  After all, the standard the Court must apply is "the preponderance of the evidence"; thus, the Court's determination must be grounded on evidence.  *Pretka*, 608 F.3d at 752.  Here, there is no evidence indicating that Plaintiff  was or is employed, let alone evidence demonstrating that such mitigation reduces the amount in controversy to a level at or below $75,000.  The Court can only assume from the fact that Plaintiff has not submitted evidence of subsequent employment that no such evidence exists.  Plaintiff cannot avoid federal jurisdiction in an FCRA case merely by not specifying an amount of damages and then, after Defendant makes a *prima facie* showing of the requisite amount in controversy,  declining to provide evidence of mitigation.[2]

Plaintiff asserts that it is Defendant's burden to establish both the amount in controversy and the amount of mitigation from Plaintiff's potential employment.  Of the cases that Plaintiff cites for this proposition, the one most applicable is the court's Order Granting Remand in an unreported case, *Hayes v. ABC Caulking & Waterproofing, Inc.*, Case No. 10-cv-22110-Ungaro, D.E. # 19 (S.D. Fla. Aug. 31, 2010).[3]  In *Hayes*, the defendant asserted that the plaintiff would be entitled to $69,431.52 in back pay.  However, the *Hayes* court cited to *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), in determining that Defendant's calculation was speculative solely because it did not include the plaintiff's potential mitigation from subsequent employment.  Importantly, *Lowery* was a case involving removal pursuant to the second paragraph of 28 U.S.C. § 1446.  In

_____

[2]     The Court notes that while Plaintiff obviously had the opportunity to stipulate that her damages did not exceed $75,000, she did not do so.

[3]     The plaintiff in *Hayes* was represented by the same counsel as Plaintiff Isabel Osorio.

*Pretka*, the Eleventh Circuit repudiated *Lowery* as dicta insofar as § 1446 first paragraph cases are concerned, and explained that district courts should make common sense and reasonable deductions, inferences, and extrapolations from the evidence before them. *Pretka*, 608 F.3d at 747. It is unclear why the *Hayes* court did not consider the Eleventh Circuit's mandatory decision in *Pretka* in its back pay analysis, when *Hayes*, too, was a case removed pursuant to the first paragraph of § 1446. Moreover, *Hayes* contains no analysis supporting the court's decision that it was the defendant's obligation to provide evidence regarding the plaintiff's employment status. Nor did the *Hayes* court indicate that any evidence before it suggested that the plaintiff had been employed subsequently. Thus, it is unclear why the *Hayes* court felt that the evidence presented by the defendant was insufficient to satisfy the "preponderance" standard, at least as to $69,431.52 of the amount in controversy requirement.

The Court is more persuaded by the logic of *Hendry v. Tampa Ship, LLC*, which also closely resembles the facts of this case. No. 8:10-cv-1849-T-30TGW, 2011 WL 398042 (S.D. Fla. Feb. 4, 2011). In *Hendry*, the defendants submitted an affidavit establishing back pay that the plaintiff would be entitled to based on the plaintiff's salary at the time of her termination. *Id*. at *2. As in this case, the plaintiff contended that the defendant's calculations "fail[ed] to take into account potential mitigation of damages . . . ." *Id*. The *Hendry* court found it significant, however, that the plaintiff did not provide any evidence contradicting the defendants' calculations. Thus, the defendants had "provided uncontroverted concrete information which support[ed their] calculation of the amount in controversy at the time of removal." *Id*. Here, too, Defendant's concrete information supporting its calculation is uncontested. Thus, for the same reasons, the Court finds that Defendant Medtronic has demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[4]

## III.   CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Notice of Removal satisfied

---

[4]   Because the Court determines that Defendant has established that the amount of back pay potentially due to Plaintiff exceeds the jurisdictional requirement for the amount in controversy, the Court declines to address the parties' arguments regarding other bases for jurisdiction, including lost benefits, prejudgment interest, front pay, compensatory damages, punitive damages, and attorneys' fees and costs.

jurisdictional requirements by presenting uncontroverted evidence demonstrating that it is more likely than not that the amount in controversy exceeds $75,000.  Therefore, Plaintiff's Motion to Remand is DENIED.

DONE and ORDERED in Chambers, Miami, Florida, on March 23, 2011.

Paul C. Huck
United States District Judge

Copies furnished to:
Counsel of Record